### BURROWS *vs.* TURNER.

Where a ship is owned by two persons, in different proportions, and one of them agrees to procure her to be insured, and she is in fact insured, the policy expressing the insurance to be *on account of* ——— and the vessel is lost, and the loss paid to the party who procured the

insurance, an action for *money had and received* lies against him, at the suit of the other party, to recover his *proportion* of the loss paid by the insurers.

A policy of insurance *on account of* ———— is equivalent to a policy *for whom it may concern*, and in such case proof *aliunde*, may be given to show the real parties in interest, although it be a *patent ambiguity*.

ERROR from the superior court, of the city of New-York. Turner sued Burrows, to recover his proportion of moneys received by the latter, on a *policy of insurance* of a brig, called the *Burrows*, of which the plaintiff owned *one sixth*, and the defendant the residue. The negotiation for the purchase was conducted by *Charles Turner*, a son of the plaintiff, *John Turner*, from the tenth to the fifteenth of January, 1827. The object of the purchase was to procure employment for Charles, as master of the

[ *277 ] vessel. The vessel *was valued at $8000, but in consequence of advances made to the crew, and buying off the claims of another person to go in the vessel as master, it was agreed that the plaintiff should pay the sum of $1608, as the price of *one sixth* of the vessel. The plaintiff accordingly made and delivered his note for that sum, dated 15th January, 1827, and by writing, bearing the same date, the defendant *certified* that he had on that day, sold to the plaintiff one-sixth of the vessel, and by a bill of sale bearing date the *seventeenth* day of January, he regularly conveyed one-sixth of the vessel to the plaintiff. On the *nineteenth* day of January, the defendant presented to the *Niagara Insurance Company*, of New-York, an application for the insurance of the vessel, in these words : " Eight thousand dollars on brig *Burrows*, Turner master, valued at eight thousand dollars, to, at, and from New-York, and Carthagena—she is nearly loaded, and expects to sail Wednesday next, if ready—for, and at New-York to Carthagena and back, 2 3-4 per cent." And on the *same day*, the *Niagara Insurance Company* insured the vessel at $8000, charging a premium of 2 3-4 per cent. The policy commences in these words, " By the " Niagara Insurance Company of New-York. Silas E. Burrows, *on ac-* " *count of* ———— do make insurance, and cause to be insured, lost or " not lost, at, and from New-York to Carthagena, and at, and from thence " back to New-York, upon the body, tackle, apparel and other furniture of " the good Am. Brig, called the *Burrows*, whereof is master for the present " voyage—Turner, or whoever else shall go for master in the said vessel," &c. *Charles Turner* testified, that when he agreed to purchase, it was agreed between him and the defendant, *that the defendant should keep the vessel insured*, and after the sale had been effected, in a conversation relative to the vessel between the plaintiff and defendant, which took place on the *twenty-first* day of January, 1827, the plaintiff observed " well, Mr. Burrows, about the insurance," to which Burrows answered, " she is insured." The plaintiff asked " how much," the defendant answered " $8000."

The plaintiff asked *if that was enough*, and Burrows replied *yes, she is fully covered*. The vessel was lost, *and on the 19th July,    [ *278 ] 1827, the company paid the defendant $8000. The plaintiff having rested, the counsel for the defendant moved for a *nonsuit*, on the grounds : 1. That by the true construction of the policy, the plaintiff's interest was not covered ; 2. That *parol evidence* was inadmissible to contradict or vary the policy ; and 3. That the evidence of an agreement to insure, would not entitle the plaintiff to recover as for *money had and received;* that the remedy, if any, was by an action on the agreement. The court refused to nonsuit the plaintiff, and after further testimony on the part of both the defendant and plaintiff, charged the jury if they found from the evidence, that the defendant at the time of the sale agreed with the plaintiff, to keep the vessel insured for the benefit of both, and did admit after the insurance, that he had insured for the benefit of both, that the plaintiff was entitled to recover one-sixth of the $8000 recovered by the defendant. To this charge the defendant excepted. The jury found a verdict for the plaintiff, for the sum of $2203,99. The trial was had on the 23d June, 1837. Judgment having been entered on the verdict, the defendant sued out a writ of error.

*G. F. Talman*, for the plaintiff in error.

*J. Anthon*, for the defendant in error.

*By the Court*, COWEN, J.   The jury found that the defendant agreed with the plaintiff to insure the plaintiff's interest in one-sixth of the brig, and afterwards informed him that he had done so.  The defendant owned five-sixths, and did the business by insuring the whole in his own name ; and, on a total loss happening, he exhibited the preliminary proofs and obtained the whole valuation in his own name, and withholds from the plaintiff his share.   There can be no doubt that, under such circumstances, the defendant was liable in this action for money had and received for the plaintiff's use.

It is said to have been held by this court, that the policy in this case was so constructed as not to be capable of covering *Tur-    [ *279 ] ner's interest.   That is not so.   When the case was here, this court held that the policy did not do so, on its face ; but it was conceded that, if the insurance had been in truth on joint account, and the policy had been general, on account of whom it might concern, the fact might have been shown by collateral proof, and the policy then have the effect intended by the joint owners.   *Turner* v. *Burrows*, 5 *Wendell*, 541, 546.   When the same case was before the court of errors, the chancellor thought the

*blank* in this policy was equivalent to a general open declaration of interest, and might have been filled up according to the truth in an action on the policy. 8 *Wendell*, 144, 150, 151. Indeed some of the court thought that, even as the case then stood, there was enough in it to have required this court, instead of directing a nonsuit, to put the question to the jury whether Burrows did not really insure both his own and Turner's interest. *Id.* 157, 158, 159. Yet the case then· stood without the testimony of Charles Turner, which is directed to the agreement of Burrows to insure for Turner, and the declaration that he had insured ; and the jury found his testimony to be true. It is the constant practice to show by proof *aliunde* the real owner, when the insurance is general for whom it may concern. The *blank* here is equivalent. In the language of Senator Westcott, *id.* 159, I think it might be shown who *this blank* is. And it was shown, as to one·sixth, to be Turner. The blank left an ambiguity to be filled up by extrinsic proof. It was *patent* if you please ; but none the less explainable for that reason. *Fish* v. *Hubbard's Adm'rs*, 21 *Wendell*, 651, *and the cases there cited. Vide also per Parker, C. J. in Brown* v. *Gilman*, 13 *Mass. R.* 161, *and Porter, J. in Penniman* v. *Banemore*, 6 *Mart. Lou. R. N. S.* 497.

We think the decisions and charge of the court below were correct ; and the judgment should therefore be affirmed.

Judgment affirmed.