## LOUIS GLANZ

### v.

## CHARLES S. GLOECKLER.

*Filed at Ottawa November 20, 1882.*

INSURANCE—*party having the legal title and right to control of policy.* Where a father procured a policy of insurance upon his own life for the benefit of his infant daughter, which was, in express terms, made payable, upon his decease, to her, her executors, etc., and paid all the premiums thereon out of his own funds, making no charge of the same against her, and retaining the custody of the policy: *Held,* that the contract of the insurance company was with the daughter, and upon her death the legal title in the contract vested in her legal representative, and that he was legally entitled to the possession of the policy, and that the administrator of the deceased daughter was entitled to an order for its surrender to him.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. JUSSEN & ANDERSON, for the appellant:

Where a person effects an insurance on his own life for the benefit of his wife or daughter, pays the premiums thereon, and survives his wife or daughter, he will not be deprived of all control of the policy still remaining in his hands, but may, with the consent of the insurance company, change the policy in favor of some other person. *Kerann* v. *Howard,* 23 Wis. 108; *Clark* v. *Durand,* 12 id. 223; *Gambs* v. *C. M. S. Ins. Co.* 50 Mo. 44; *Succession of Hearing,* 26 La. Ann. 326; *Mutual Benefit Life Ins. Co.* v. *Atwood,* 24 Gratt. 497; *Otis* v. *Beckwith,* 49 Ill. 121; *Ballou* v. *Giles,* 50 Wis. 614; *Universal Life Ins. Co.* v. *Cogbill,* 30 Gratt. 72; *Graugrac* v. *Arden,* 10 Johns. 293; *People* v. *Johnson,* 14 Ill. 342; *Pulvertorft* v. *Pulvertorft,* 18 Ves. Jr. 98; *Dole* v. *Lincoln,* 31 Me. 428; *Foster* v. *Giles,* 50 Wis. 603; *Gould* v. *Emerson,* 99 Mass. 154.

Mr. FRANK J. SMITH, for the appellee:

The controversy arises over the possession of the policy itself, which is but the evidence of the contract of insurance. *Succession of Hearing*, 26 La. Ann. 326.

If appellee, as administrator of Emily Glanz, is a contracting party with the insurance company, and if he is also entitled to the benefits of the contract of insurance, then he is entitled to the possession of the policy. The policy shows, on its face, that it is a contract 'of insurance upon the life of Louis Glanz, made by and between the insurance company and "Amelia L. Glanz, her executors, administrators and assigns." The consideration is recited as paid by her, and the promise of the company is made to her. On her death without issue, her interest in this policy passed to the appellee, as her husband and administrator. As sustaining this view, see *Swan* v. *Snow*, 11 Allen, 224; *North American Life Ins. Co.* v. *Wilson*, 111 Mass. 542; *Campbell* v. *New England Ins. Co.* 98 Mass. 381; *Continental Life Ins. Co.* v. *Palmer et al.* 42 Conn. 60; *Chapin et al.* v. *Fellows,* 36 id. 132; *Hutson* v. *Merrifield, Admr.* 51 Ind. 24; *Ricker* v. *Charter Oak Life Ins. Co.* 27 Minn. 193.


Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was a proceeding by petition, commenced originally in the probate court of Cook county, by Charles S. Gloeckler, the appellee, as administrator of Amelia L. Gloeckler, his deceased wife, against Louis Glanz, the appellant, and father of the said Amelia L. Gloeckler, to recover the possession of a policy of insurance issued by the United States Life Insurance Company of New York City, upon the life of appellant, for the sum of $5000, to be paid upon his death to the said Amelia L. On the hearing of the cause, the probate court entered an order directing the surrender of the policy, in conformity with the prayer of the petition. From this order

Glanz appealed to the circuit court of Cook county, where the cause was heard *de novo*, and a similar conclusion reached. Appellant thereupon prosecuted an appeal to the Appellate Court for the First District, where the judgment and order of the circuit court were affirmed, and he now brings the case here for review, and the cause is submitted upon the following agreed state of facts:

"December 10, 1860, the United States Life Insurance Company of New York City, in the State of New York, made, issued and delivered in said city its policy of insurance numbered 8503, which declared, among other things, that in consideration of $122.35 to said company in hand paid by Amelia L. Glanz, and of the annual premium of $122.35, to be paid in advance on or before December 10 in every year during the continuance of said policy, said company did insure the life of said Louis Glanz in the amount of $5000, for the term of his natural life; and that said company did thereby promise and agree to and with the said assured, her executors, administrators and assigns, well and truly to pay, or cause to be paid, the said sum assured to the said assured, her executors, administrators or assigns, within three months after due notice and proof of the death of said Louis Glanz: *Provided*, that if said Louis Glanz should, without the consent of the said company previously obtained and entered upon said policy, pass beyond the settled limits of the United States, * * * then said policy should be void, and that said policy should also be void in case any representation in the application for said policy should be found to be untrue. Permissions to said Louis Glanz to visit or reside in Europe are indorsed upon said policy under date of March 1, 1861, March 7, 1862, March 20, 1866, and March 17, 1867. Said policy was issued on the application of respondent, Louis Glanz, in the year A. D. 1860, and when the said Amelia L. (or Emily L.) was only six years of age. All premiums have been paid by the respondent, and out of his own moneys, up

to the death of the decedent. The decedent and beneficiary in said policy was the daughter of this respondent, and the only daughter and child of respondent at the date of the issue of said policy; that decedent died August 22, 1879, at the age of twenty-five years, and left her surviving no child or children, or descendants of child or children; that decedent never paid anything to the respondent for or on account of said policy, but was his daughter, and resided with him until her marriage, in June, 1879, nor has he, the respondent, ever made any charge against her or her estate for or on account of said premiums; that respondent has had possession of said policy since its issue, and the permissions thereon for respondent to visit Europe were granted by the company at respondent's sole request; that said policy was made and issued in the city of New York, in the State of New York, and there delivered; that said policy has a surrender value of over $1000; that the respondent, on the 9th day of October, 1879, served upon the company issuing said policy a written notice, notifying said company of respondent's purpose and desire to change the beneficiaries in said policy."

It is clear, from an examination of the policy, the sum insured upon appellant's life is, in express terms, made payable, upon his decease, to his daughter, appellee's intestate, and had she survived him, it will not be questioned that she alone could have maintained an action on the policy; or, in other words, it must be conceded the contract, of which the policy is the only evidence, was between the company on one side, and Amelia L. Glanz on the other, and the company expressly covenants with her, "her executors, administrators and assigns," and upon her decease it is clear the legal title in the contract vested in appellee, as her legal representative. This being so, we are aware of no principle that would authorize appellant to arbitrarily, and without the consent of appellee, defeat this vested right in him. Nor is his right in this respect at all affected by the fact that the contract of

insurance was entered into by the company on the application of the appellant upon his own life, or that the premiums were paid to the company out of his own funds. The contract having been expressly made with, and for the benefit of, appellee's intestate, as we have already seen, it follows appellee is legally entitled to the possession of the policy, and as the judgment of the circuit court was in conformity with this view of the law, it follows the Appellate Court committed no error in affirming it. Had appellant, when causing this policy to be executed to his daughter, desired to retain control over it in the event of her death without issue, it would have been very easy to have provided for such a contingency; but nothing of this kind was done, or even attempted to be done, and he must abide the consequences.

The view we have taken of the case seems to be fully sustained by the authorities. *Eadie* v. *Slemmons,* 26 N. Y. 9; *Knickerbocker Life Ins. Co.* v. *Weitz et al.* 99 Mass. 157; *Swan* v. *Snow,* 11 Allen, 224; *North American Life Ins. Co.* v. *Wilson,* 111 Mass. 542; *Continental Life Ins. Co.* v. *Palmer et al.* 42 Conn. 60; *Hutson, Admr.* v. *Merrifield, Admr.* 51 Ind. 24.

A number of cases have been cited by appellant which are supposed to lay down a different rule in cases of this character. Without entering upon any analysis or review of those cases, suffice it to say, that upon a careful consideration of them, we are of opinion they are all distinguishable from the case before us, and may readily be reconciled with the view we have taken of it.

The judgment will be affirmed.

*Judgment affirmed.*

Scott, Ch. J., and Walker, J.: We are unable to concur in the above opinion.