EMMA SAUERBIER ET AL.

v.

UNION CENTRAL LIFE INSURANCE COMPANY.

*Life Insurance—Policy—Reformation—Assignment of—Evidence.*

1. As to ordinary policies of life insurance, the beneficiary has a vested interest which is beyond the control of the party procuring the insurance.

2. An intended beneficiary need not be named in order to invest him with such interest, unless required by the policy, and a father may thus provide for his unborn child.

Sauerbier v. Union Central Life Ins. Co.

3. Where the description is uncertain in such case, parol or other extrinsic evidence is admissible to aid it.

4. The assurance by the agent of an insurance company of the sufficiency of the statement in, and signature to an application, to accomplish the purpose of the applicant, will bind the company.

5. The acceptance of an application and the making of it a part of a policy by an insurance company will estop it to deny the interest of children mentioned together with a wife in the application, although the policy mentions the wife as the sole beneficiary.

6. In the case presented, this court holds that the beneficial interest was intended to be in the wife and children equally, *per capita*, and that the policy should be construed in accordance with the intention of assured.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of McDonough County; the Hon. C. J. SCOFIELD, Judge, presiding.

Messrs. AGNEW & VOSE, for appellants.

The application specially provides that the children shall be beneficiaries. When the company accepted the application, the minds of the parties met and the contract was complete. It is not necessary that the policy should be issued and delivered to the insured. Mactier v. Frith, 6 Wend. 119; Taylor v. Merchants Fire Ins. Co., 9 How. 398.

The assured clearly expressed his intention in the application that his children should share with his wife as beneficiaries, and the company by express terms makes the application a part of the policy.

The application may be a part of the contract when the policy so provides. Bacon on Benefit Societies and Life Insurance, Sec. 181.

The agent who solicited this insurance was the agent of the company and not of the insured, and had the right to agree with the insured as to the effect and meaning of the words employed in answer to the questions in the application. Bacon on Mutual Benefit Societies and Life Insurance, Sec. 153, 221; May on Insurance, Sec. 120; see Malleable Iron Works v. Phœnix Ins. Co., 25 Ct. 465.

The statement in the policy that the party soliciting the insurance is the agent of the insured and not of the company,

does not establish such fact. Kansal v. Minnesota, etc., Ins. Co., 31 Minn. 17; Commercial Ins. Co. v. Ives, 56 Ill. 402.

A court of equity has power to reform a policy so as to make it conform to the intention of the parties.

It is hardly necessary to cite authority on this proposition. We refer to Gillespie v. Moon, 2 Johnson's Chancery Report, 596, for a full discussion of the law and decisions upon this subject. Also to Snell v. Insurance Co., 98 U. S. 85; Malleable Iron Works v. Phœnix Ins. Co., 25 Ct. 465; Williams v. North German Ins. Co., 24 Fed. Rep. 625; Keith v. Globe Insurance Co., 52 Ill. 518; West et al. v. Menard Co., 82 Ill. 205.

The application almost wholly controls in determining the intention of the parties. Phœnix Fire Ins. Co. v. Gurnee, 1 Paige Ch. Rep. 278.

In Motteaux v. London Ins. Co., 1 Atk. 547, Lord Hardwicke held that a policy ought to be rectified agreeably to the label, and that the label was the real contract between the parties. See Franklin Fire Ins. Co. v. Hewett, 3 B. Monroe·

It is not expected that a policy holder will read his policy. Phœnix Fire Ins. Co. v. Gurnee, 1 Paige Ch. Rep. 278; North British & Mercantile Ins. Co. v. Steiger, 26 Ill. App. 228.

Have the beneficiaries a vested interest in the policy which is beyond the control of the insured?

There is a well defined distinction between a mutual benefit society and what is ordinarily termed an old line insurance company. In the former the certificate of membership is the property of the member and can be changed at his will. In an ordinary life insurance company the policy is not the property of the insured in any sense, but it is the property of the beneficiary from the day of its issue, for from that time he has the whole beneficial interest. Niblack on Mutual Benefit Societies, Sec. 201; Phillips on Insurance, Sec. 2058–60; Bliss on Life Insurance, Sec. 318, 517; Chapin v. Fellows, 36 Ct. 132; Stillwell v. Mutual Life Ins. Co., 72 N. Y. 385; Wilburn v. Wilburn, 83 Ind. 55; Washington Life v. Haney, 10 Kan. 525; N. Am. Life Ins. v. Wilson, 111 Mass. 542.

The principle asserted in the above cases is fully indorsed in Glanz v. Gloeckler, 10 Ill App. 484.

Sauerbier v. Union Central Life Ins. Co.

As to the question, did Leonidas Lodge have authority to purchase the policy, and if so what interest did it acquire therein, the doctrine that a corporation can perform only such acts as are authorized by its charter, is applicable. In Fietsam v. Hay et al., 122 Ill. 294, Justice Mulkey says: " Now a franchise is nothing more than the right or privilege of being a corporation and doing such things, and such things only, as are authorized by the corporation's charter."

Leonidas Lodge was incorporated " for the practice of friendship, charity and benevolence."

The lodge paid $268.81 for the policy. If this transaction was an absolute sale of the policy, it was a wager contract and void. If the payment of the $218 was a loan and the assignment of the policy taken as security, then the lodge can only recover the amount of the loan. Cammack v. Lewis, 15 Wal. 643; Ins. Co. v. Robertshaw, 26 Pa. St. 189; Warnock v. Davis et al., 4 Mors. Trans. 93, cited in 11 Fed. Rep. 527.

Messrs. SMITH, McELVAIN & HERBERT, for Leonidas Lodge, Knights of Pythias, No. 87.

There is no variance between the application and the policy. The requirement in the application that the name of the beneficiary should' be stated therein in the proper blank, was met by the insertion of the name " Emma Sauerbier," wife. In order to constitute a person a beneficiary, the name should appear in the policy as such; and the only purpose that could be served by inserting such name in the application is to furnish the insurer with such name so that it may be inserted in the policy. The policy was written in accordance with the conditions of the application, was forwarded to the company, and the premium was paid. This constituted a completion of the contract. May on Insurance, 2d Ed., Sec. 56.

The company had the right to require the name or names of the persons for whom the insurance was sought to be written in the application by the insured, as a precaution and protection to itself. The mere statement, "my children," was not a compliance with that requirement of the application, and hence was not considered by the company when it

wrote up the policy. "My children" is comprehensive and at the same time indefinite. What children? Those only by Emma Sauerbier? Would it include illegitimate, as well as legitimate? Beneficiary's name must appear in policy. May on Insurance, 2d Ed., Sec. 113.

The issuance by the company and the acceptance by Sauerbier of the policy for the sole benefit of "Emma Sauerbier," was a completion of the contract as set out in the application.

The contract of insurance is between the company and the insured, and he may alter and change beneficiary with consent of company. Swift v. R. P. & F. C. Ben. Ass'n, 96 Ill. 312.

Even if Emma Sauerbier had a vested interest in the policy, she could assign her interest therein. Norwood et al. v. Guerdon, 60 Ill. 253; Pomeroy v. Manhattan Life Ins. Co., 40 Ill. 398. But Emma Sauerbier had no vested interest in the policy by virtue of her being made the beneficiary. Swift v. R. P. & F. C. Ben. Ass'n, 96 Ill. 314; Martin v. Stubbins, 126 Ill. 387. The insured can control the policy. Johnson et al. v. Van Epps, 110 Ill. 551; 96 Ill. 309, above cited; Wheeler v. Mortland, 21 Ill. App. 177.

And the policy may be assigned to one not having an insurable interest, with consent of insured. Johnson v. Van Epps, 110 Ill. 551; Martin v. Stubbins, 126 Ill. 387; May on Insurance, 2d Ed., Sec. 110.

Attorneys for appellants can only recover by a reformation of the application and policy by the substitution of the names of the children as beneficiaries. Can this be done? Courts of equity will not reform written contracts as to mistakes therein, unless those mistakes were mutual, and are understood alike by the parties to the contract. Sutherland v. Sutherland, 69 Ill. 481; Lanier v. Wyman, 5 Rob. (N. Y.) 147. Both parties are presumed to have understood the legal effect of their contract. Sutherland v. Sutherland, 69 Ill. 488.

Where a party seeks to rectify a written instrument on the ground of mistake, the rule is, the evidence must be such as to leave no fair and reasonable doubt that the instrument does not embody the final intention of the parties. Kerr on Fraud and Mistake, 421.

Sauerbier v. Union Central Life Ins. Co.

A mistake on one side may be ground for rescinding, but not for correcting and rectifying an agreement. 1 Story, Equity Juris., Sec. 152; Kerr on Fraud and Mistake, 422; Douglass v. Grant, 12 Ill. App. 273.

Equity will not correct or reform a contract where there is a mistake of law as to the effect of the language used by the parties, in the absence of fraud, and where there is no mixture of oppressive abuse of confidence, or surprise in matters of fact. Gordere v. Downing, 18 Ill. 492.

A mistake as to legal rights is not a ground for equitable relief.   Weed v. Weed, 94 N. Y. 243.

A mistake in fact may be a ground for equitable jurisdiction, if it is made to appear satisfactorily.   But this does not extend to mistakes in the law of the contract, or in the intention of one of the parties, or the mistakes of legal terms agreed upon between the parties, without fraud.   Ruffner v. McConnell, 17 Ill. 212.

A mere misunderstanding of the facts is not sufficient ground for asking a reformation of a contract; fraud or mistake is indispensable.   Storey v. Conger, 36 N. Y. 673 (9 Tiff.).

The name of Emma Sauerbier alone appearing in the policy as beneficiary, and she having assigned or released her interest, Leonidas Lodge had·no notice of other parties claiming to be beneficiaries at the time of the assignment of said policy by Sauerbier to it.   The lodge was a *bona fide* purchaser or assignee without notice, and hence the policy must stand as written.   Wait's Actions and Defenses, Vol. 5, 452; Kilpatrick v. Kilpatrick, 23 Miss. 124.

The validity of a transfer of personal property to a corporation can not be successfully assailed on the sole ground that the execution of the transfer, or its acceptance, involved an unauthorized exercise of corporate power.   Morawetz on Private Corporations, 2d Ed., Sec. 712.

PLEASANTS, J.   The material facts in this case are agreed on.   On November 1, 1882, appellee, an old line insurance company of Cincinnati, Ohio, issued to John Sauerbier, the husband of Emma Sauerbier, and father by her of the other

appellants, a policy upon his life for $1,000. To the agent who solicited and took his application for it, he stated that he wanted the insurance to be made in favor of his wife and children, and so fixed that if any more should be born to him they should share therein equally with those then living. On its face, among other things, the following appears in print: "10. Name of the party in whose favor the insurance is proposed," and immediately following, written by the agent, "Emma Sauerbier and my children." In print: "11. Relationship, if any, to the party whose life is proposed to be insured," and immediately following in the handwriting of the agent, "wife and children." The signatures to it, which are on the right of the page, as usual, are first, "Jno. Sauerbier," in his own hand, on a line just over a printed note indicating it as the place for the signature of party insured, and on a line next under it "Emma Sauerbier and my children, by John Sauerbier," in his handwriting, over a like printed note indicating it as the place for the signature of the "beneficiary."

On the left, opposite to them, appears the following: "Witness, M. C. Carr, M. D.," and under this, "approved by E. R. Farnam, agent," notwithstanding the intervening space is occupied by a finely printed note that—"In every case the party whose life is to be insured must sign this application and declaration for himself. He must also sign for the beneficiaries (unless such beneficiaries sign for themselves) as follows: The husband may sign for his wife, and the father for his children, and the debtor for the creditor. *Example: Children*—'Jane and Mary Smith, by John Smith.'"

Thus it appears that the applicant intended and expected the policy to be made out for the benefit of his children as well as of his wife, including those, if any, who should thereafter be born, and whom, for that reason, he could not then name, and that Mr. Farnam, the agent of the company, fully understood this intention, wrote the words that expressed it in the application, approved the signature for the children as made, assured the applicant that the expression thus used would make them beneficiaries, and agreed with him that the

Sauerbier v. Union Central Life Ins. Co.

policy should so provide.   The policy expressly makes the application part of it, but names as beneficiary Emma Sauerbier only, and outside of the application makes no reference to any other.

Some time after its issuance, mutual dissatisfaction arose between the insured and his wife.   A bill for divorce was filed by her, and a cross-bill asking the same relief, by him.   An arrangement was made between them whereby he withdrew his charge and claim and all opposition to hers, and she, in consideration thereof, signed a statement that she had assigned to him all her interest in the policy.   After that he became a member of Leonidas Lodge, Knights of Pythias, of Murphrysboro, Ill., and still later, afflicted with a lingering disease, on account of which the lodge expended in caring for and burying him, $268.81 more than he was entitled to under its by-laws.   In view of such expenditure he assigned to it the policy in question and gave notice thereof to the company. After his death the lodge made the necessary proofs and claimed the insurance.   His widow then brought suit for it. The company filed its bill asking that these claimants be required to interplead and offering to pay the money into court. Her attorneys then filed a petition of the children to be made parties and allowed to interplead also, and on leave obtained, filed a bill setting up their relation to the insured, his intention with respect to the insurance, and the statements, acts and agreements of the company's agent as above stated, and asking that the policy be reformed or construed to conform to said agreement and make them beneficiaries.

The issues having been made up were tried by the court, and a final decree was entered, dismissing the children's bill, and in favor of the lodge for the full amount of the policy; from which decree this appeal was taken.

The controversy here is between the children and the lodge.   It is contended, on behalf of the lodge, that the children had no interest as beneficiaries, because they were not named in the policy.

By agreement of the parties, the original policy, including the application, was left with the clerk for our inspection.

We do not find in it any condition or provision making it essential that the intended beneficiary should be named in order to invest him with the interest. All that appears in relation to the name is in the note above quoted, which seems to be only directory.

Of course, he should be identified, and the name is the usual, and generally the best, means for the purpose. But, clearly, it is not the only means, nor in all cases practicable, as is shown in this. A father may make this provision for his unborn child. The name, therefore, can not be essential, unless made so by the contract: Clinton v. Hope Ins. Co., 45 N. Y. 460; Burrows v. Turner, 24 Wend. 275; and where other description is uncertain, parol or other extrinsic evidence is admissible to aid it. Ibid. And if in this case the company could have had any special interest in the particular means of identification, or intended any more than that the name should be given where it was practicable, we hold it would be bound by the assurance of its agent to the applicant of the sufficiency of the statement and signature here used, to accomplish his purpose. Such assurance was within the scope of his power. Malleable Iron Works v. Phœnix Ins. Co., 25 Conn. 465; Am. Cent. Ins. Co. v. McLanathan, 11 Kan. 533. There was no misrepresentation of fact, nor any obscurity of meaning. The only defect alleged is in the mere form of the statement and signature. The agent, doubtless, believed it was sufficient and proper for the purpose intended, and the applicant was justified in relying upon his judgment in respect to it. The company was not thereby misled into any risk it would not otherwise have taken. His intention was plainly manifested by the application, and it should have issued a policy conforming to it, or given him the opportunity to apply elsewhere. Having accepted the application and made it a part of the policy, it should be estopped to deny the interest of the children. May on Insurance, Sec. 120; Bliss on Life Ins., Sec. 290, *et seq.*; Wood on Fire Ins., 2d Ed., Vol. II, pp. 843–4, and notes.

The company is not here denying it; it is the lodge that denies it. It claims under the insured, their deceased father,

and can have no better right than his. If anybody should be estopped to deny that they were beneficiaries, certainly he should.

But it is said that if they were, they had no vested interest, and that he, as the insured and contracting party, could change the beneficiary and control or assign the policy without consent of the latter; citing Swift v. R. P. & T. C. Ben. Ass'n, 96 Ill. 312, and other cases, in all of which the certificate of membership is in mutual benefit societies organized under statutes. These instruments are in the nature of policies of insurance, but are distinguished from them in some respects, of which the particular case here in question seems to be one. As to ordinary policies we apprehend the rule is that the beneficiary has a vested interest which is beyond the control of the party procuring the insurance.

The text writers concur on that point. Bliss, Sec. 318; May, Sec. 390; Bacon, Sec. 304; Niblack, Secs. 171, 201. It was recognized in Glanz v. Gloeckler, 10 Ill. App. 484; S. C., 104 Ill. 573; and was expressly held in Hubbard v. Stapp, 32 Ill. App. 541. See also the Central Bank of Washington City, v. Hume, 128 U. S. 206, where the same rule is declared and authorities are cited. Then if the children were beneficiaries the assignment of the policy by the insured to the lodge was ineffectual against them. The wife's interest went to him under her release or assignment, and therefore passed by his, to the lodge.

We hold that the beneficial interest in the insurance was intended to be in the wife and children equally, *per capita*, and the policy should be so construed. We do not deem it necessary to consider the supposed difficulties in the way to a reformation of it. There is a growing inclination on the part of the courts even at law, to accomplish the same purpose by construction and the application of the doctrines of estoppel and waiver, whenever the cases admit of it. May on Ins., Sec. 566, and cases cited in the notes; also Am. Cent. Ins. Co. v. McLanathan, *supra;* State Ins. Co. v. Shreck, 27 Neb. 527; German Ins. Co. v. Miller (opinion of this court at this term). Here the contract refers to the beneficiary in

three places. In two of them the children are expressly shown to be intended as such together with the wife. In one they are omitted. They ought to have been included there also, and the court will treat as done that which ought to have been done.

For these reasons we think it was error to dismiss the children's bill and award the whole amount of the insurance to the lodge. The decree will, therefore, be reversed and the cause remanded for further proceedings in conformity with the views here expressed. The costs of this appeal are adjudged against the lodge.

*Reversed and remanded.*