ELIZA J. MARKEY *vs.* MUTUAL BENEFIT LIFE INSURANCE COMPANY.

Essex.   Nov. 8, 1878. — Jan. 11, 1879.   ENDICOTT & LORD, JJ., absent.

An application for life insurance was made to an insurance company, which it found satisfactory ; and it wrote a policy based on the application and sent the policy to its agent, who offered the policy to the person making the application, for inspection.   The premium called for by the terms of the policy was not paid, and the policy was not delivered.   *Held,* that an action could not be maintained against the company, under any form of declaration.

CONTRACT on a policy of insurance of the life of James W. Hoyt, the plaintiff's former husband, in the sum of $3000, payable on his death to the plaintiff; and on an agreement to insure. After the former decision, reported 118 Mass. 178, the case was tried in the Superior Court, before *Colburn*, J., upon the same pleadings, and the plaintiff offered the same evidence that she presented at the former trial, which is reported 118 Mass. 181–185, and the substance of which is stated in the opinion.   The judge ruled that the plaintiff could not maintain the action; that no amendment of the declaration would avail the plaintiff; and that under no form of pleadings would the jury be authorized to return a verdict for her; ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*D. Saunders & C. G. Saunders,* for the plaintiff.   There was evidence proper to be submitted to the jury, of a contract entered into by the plaintiff and the defendant, which bound the defendant to make and deliver to her a policy upon the life of her husband.   The plaintiff signed a written application for a contract of insurance, by the terms of which she was to pay the company a premium annually, the application setting forth the

amount of the premium to be paid by a person of Hoyt's age, and forwarded it to the defendant for its acceptance. The defendant thereupon accepted her proposal, indorsed in writing such acceptance and the details of it on the application, and wrote, signed and sealed a policy for the agreed amount. The proposal and the acceptance ascertained the subject, the commencement and duration of the risk, the parties, the interest of the assured and the premium. Notice was given to her that her proposal was accepted, and the policy was sent to be delivered to her. The defendant's agent, Wells, said to Hoyt, that he had brought out to him his policy, recognizing his right to it, and the plaintiff assented to it; having so assented to the terms of the contract made upon her application, she tendered the premium within a reasonable time and demanded the policy. There was therefore a complete *aggregatio mentium;* a proposition on one side, acceptance of it on the other, and notice given of the acceptance. There was also a good and valuable consideration for this contract; the plaintiff promised to pay for the policy the stated premium and to pay it annually. The action could therefore be maintained. *Union Ins. Co.* v. *Commercial Ins. Co.* 2 Curtis, 524, and 19 How. 318. *Tayloe* v. *Merchants' Ins. Co.* 9 How. 390. *Perkins* v. *Washington Ins. Co.* 4 Cowen, 645. *Lightbody* v. *North American Ins. Co.* 23 Wend. 18, 25. *Hamilton* v. *Lycoming Ins. Co.* 5 Penn. St. 339. *Carpenter* v. *Mutual Ins. Co.*, 4 Sandf. 408. *Kentucky Ins. Co.* v. *Jenks,* 5 Ind. 96. *Sheldon* v. *Connecticut Ins. Co.* 25 Conn. 207. *Ide* v. *Phœnix Ins. Co.* 2 Bissell, 333. *Davenport* v. *Peoria Ins. Co.* 17 Iowa, 276. *Keim* v. *Home Ins. Co.* 42 Misso. 38. *Kohne* v. *Ins. Co. of North America,* 1 Wash. C. C. 93. *First Baptist Church* v. *Brooklyn Ins. Co.* 19 N. Y. 305. *Pratt* v. *Hudson River Railroad,* 21 N. Y. 305. *Post* v. *Ætna Ins. Co.* 43 Barb. 351, 362.

*D. Foster,* for the defendant, was not called upon.

Soule, J. The evidence at the trial in the court below was identical with that given at a former trial, and reported in *Markey* v. *Mutual Benefit Ins. Co.* 118 Mass. 178. It was there decided that the whole evidence was insufficient to warrant the jury in finding that the policy had been delivered so as to constitute a binding contract; and that there was no evidence whatever that the defendant intended or was understood by the

plaintiff or her husband to intend to make a contract of insurance in any other form. A re-examination of the case confirms us in the opinion there expressed, and we do not understand that the plaintiff contends that that decision requires any modification.

The judge who presided at the trial ruled, however, that the plaintiff had no cause of action, and that no amendment to the declaration would avail her, and that the jury would not be authorized to find a verdict for her under any form of pleadings.

In support of her exception to this ruling, the plaintiff insists that there is evidence in the case which would warrant a jury in finding a contract between the parties, which bound the defendant to make and deliver to her a policy on the life of her husband. We are of opinion that this position is not tenable. The evidence, in substance, is, that an application for insurance was made to the defendant, which it found satisfactory; that it wrote the policy, based on the application, and offered it to the plaintiff and her husband for inspection; that they did not pay the premium called for by its terms, and it was not delivered to either of them. Before this offer of the policy was made, the defendant did not communicate in any way with the plaintiff or her husband, after receiving the application. No contract of any kind, therefore, had been made between the parties; and, as has been already decided, the evidence did not show that any contract was made at the time of offering the policy. The question now presented by the plaintiff differs in form from either of the questions presented when the case was last before us, but the decision then given, as to the result of the evidence, involves the point now made.    *Exceptions overruled.*