### MRS. EVA IRWIN v. THE TRAVELERS INSURANCE COMPANY.

Delivered January 25, 1897.

**1. Life Insurance Policy—Right of Assured to Change Beneficiary.**

Where the assured, being then a single man, took out an accident insurance policy on his life, payable to his sister, he could not, after his marriage, and without the consent of the sister, change the policy by having the wife substituted as the beneficiary therein, there being no clause in the policy authorizing such change.

**2. Same.**

In the case of an ordinary life insurance policy, the beneficiary named in it becomes the owner of it the moment it is issued, and the assured can not by any subsequent act of his transfer the interest of the beneficiary to another. Following Splawn v. Chew, 60 Texas, 534.

APPEAL from Kaufman. Tried below before Hon. J. E. DILLARD.

*William H. Allen*, for appellant.—1. When the policy was obtained Irwin was unmarried, and directed the benefit, in case of his death, to be paid to his sister, who was living in a distant State with her father and mother and supported by them, and contributed in no way in procuring the policy, paid nothing for it, knew nothing about it, never received it, and was in no way dependent upon the insured. Upon his marriage to the appellant, the insured goes to the agent of the insurance company and tells him of his marriage, and directs that the company pay the money to his wife, instead of his sister, in case of his death; and at the same time gives explicit instructions to his friend, who holds the policy, to hold it for the benefit of his wife. What could be more natural than such action on his part? The dictates of common justice and the promptings of humanity unite in urging that his wishes be obeyed. While our Supreme Court has discussed the principles involved, there has never been before it such a controversy as this. In the Ireland case, 17 Southwestern Reporter, 619, where the authorities are cited at great length, the only question was a matter of parties, and the insured had never asked or attempted or pretended to make any change of beneficiary. In Evans v. Opperman, 76 Texas, 297, the question was solely one of inheritance, and in Splawn v. Chew, 60 Texas, 534, and Byrne v. Casey, 70 Texas, 247, though in both of these the change of beneficiary was sustained, the decisions were based upon express provisions in the by-laws of the orders and the terms of the contracts. In cases like this the beneficiary has only an inchoate interest in the policy, and the ultimate enjoyment of its proceeds is dependent on the will of the person effecting the insurance. Clark v. Durand, 12 Wis., 248. See the following cases in point on the subject: Gambs v. Insurance Co., 50 Mo., 44; Swift v. Association, 96 Ill., 309, 314; Landrum v. Knowles, 22 N. J. Eq., 594; Insurance Co. v. Stephens, 19 Fed. Rep., 671; Bickerton v. Jaques, 28 Hun, 119; Garner v. Insurance Co., 32 Alb. L. J., 91.

2. In an exhaustive note in 52 American Reports, 146-148, this subject is treated and the authorities discussed, and the learned writer, after noting the leading cases on both sides of the proposition, reaches the following conclusion: "The rule established by the majority of the cases, that the interest of the beneficiary is not absolute, is undoubtedly sound. The beneficiary is not a party to the contract; he pays no portion of the premium; the policy is not in his possession; it has never been given to him, because delivery is essential to the validity of gift. On what principle can he claim a vested, irrevocable title to it? Neither law nor equity supports such a claim. But when the beneficiary has possession of the policy and pays the premiums, the title to the policy may very properly be held to be vested irrevocably in him. The proposition that the moment a policy is issued the beneficiary acquires an absolute and indestructible interest in it, without possession of the policy or payment of premiums is too untenable to require argument to refute it."

*Warren & Warren* and *T. L. Stanfield*, for appellees.—1. In cases of ordinary life insurance policies, the beneficiaries named in such policy become the owners of it, and have a vested interest in it the moment it is issued. Splawn v. Chew, 60 Texas, 534; Byrne v. Casey, 70 Texas, 247; Insurance Co. v. Ireland, 17 S. W. Rep., 617; May on Ins., secs. 390, 392, 399l, 399p, 67, and 67c; Bliss on Ins., secs. 339, 318, 337; Bank v. Hume, 128 U. S., 195; Miles v. Ins. Co., 147 U. S., 177; Stilwell v. Ins. Co., 72 N. Y., 385; Lanz v. Glockler, 10 Bradw. (Ill.), 484, affirmed in 104 Ill., 577.

2. Such policy can not be transferred or assigned without the consent of the beneficiary named in the policy. May on Ins., secs. 67 and 67c; Bliss on Ins., sec. 339; Stone v. Hackett, 12 Gray, 227; Harley v. Heist, 86 Ind., 196.

FINLEY, ASSOCIATE JUSTICE.—The facts made to appear upon the trial of the case are, in substance, these:

1. Wilbert Irwin, Jr., while unmarried, applied for and obtained a policy in the Travelers Insurance Company, which provided an indemnity payable to himself in case he was injured by accident, and insuring his life against death by accident in the sum of $5000. The application directed that the policy should be written payable, in case of death, to J. W. Irwin, the sister of the applicant. The policy was written in accordance with the application, and obligated the insurance company, in case of death by accident, to pay $5000 to the sister, J. W. Irwin, who was a minor at the time the policy was procured and at the time of the trial of this case. The policy was delivered by the assured to one Tartt, to be by him held as trustee.

2. After the issuance of the policy, Wilbert Irwin, Jr., married the plaintiff in this suit, and was subsequently killed in a railroad accident. After his death suit was brought upon the policy by the guardian of the sister in the State of Wisconsin; the insurance company caused Mrs. Eva Irwin to be made a party defendant, and she was served with notice of the fact in Texas, where she then and now resides. This suit is brought by Mrs. Eva Irwin against the insurance company and J. W. Irwin, the beneficiary named in the policy, and she seeks to recover the title and possession of the policy, and to restrain the insurance company from paying the insurance to J. W. Irwin.

3. The policy contains this provision: "A copy of any assignment shall be given within thirty days to the company, which shall not be responsible for its validity." There is no provision in the policy, or the application for the policy, which reserves to the assured the right to change the beneficiary named therein, unless the above clause should be construed to have that effect. The trial below resulted in favor of the defendants, for whom the court directed the jury to find. The clause in the policy quoted is clearly not a reservation to the assured of the right to change the beneficiary. It relates to an assignment of the policy, and

must be considered as referring to an assignment by the owner of the beneficial interest, namely, the beneficiary therein named.

The question presented for our decision arises upon the exclusion of evidence offered by the plaintiff. The evidence tendered and rejected was to the effect that Wilbert Irwin, Jr., after his marriage, directed the insurance company to change the beneficiary in the policy from his sister, J. W. Irwin, to his wife, Mrs. Eva Irwin, and notified the trustee Tartt that he desired the policy held for the benefit of his wife. And further, that the policy was obtained from the trustee by the father of J. W. Irwin through the false representation that he wanted it for the benefit of Mrs. Eva Irwin, and that his daughter would not claim the benefit of it. Upon the rejection of this evidence arises the question, did the assured have the right to cause the beneficiary in the policy to be changed from his sister to his wife?

Upon this question there seems to be considerable conflict in authority. In 52 American Reports, 146, 147, in an editorial note following the case of Currier v. Insurance Company, Mr. Freeman recognizes this conflict as being irreconcilable, and cites a number of cases which he regards as conflicting upon the question. The editor himself expresses the view that those cases holding to the proposition that the assured, who takes out the policy, pays the premium, and retains possession of the policy, has the right to change the beneficiary, announce the correct doctrine. One of the cases cited as holding the contrary proposition, that the assured does not have the right to change the beneficiary after the issuance of the policy, is the case of Ricker v. Insurance Company, 27 Minnesota, 193. This case is a strong case, and clearly announces the doctrine that the moment the policy is issued the beneficiary named therein has a vested interest in the policy, which can not be changed by any act of the assured without the consent of such beneficiary.

Our Supreme Court, in the case of Splawn v. Chew, 60 Texas, 534, has announced the doctrine as declared in the Minnesota case above referred to, and cited that case with approval. Mr. Willie, Chief Justice, in delivering the opinion of the court, said: "It seems pretty well settled by authority that in case of an ordinary life insurance policy the beneficiaries named in such policy become the owners of it the moment it is issued, and the person procuring the insurance can not by any subsequent act of his transfer to others the interest of those beneficiaries," citing Bliss on Life Ins., secs. 317, 337; Ricker v. Life Ins. Co., 27 Minn., 193.

In the case of Bank v. Hume, 128 U. S., 206, Mr. Chief Justice Fuller, for the court, says: "It is, indeed, the general rule that the policy, and the money to become due under it, belong the moment it is issued to the person or persons named in it as the beneficiary or beneficiaries, and there is no power in the person procuring the insurance, by any act of his by deed or by will, to transfer to any other person the interest of the person named;" citing a number of authorities in support of this proposition.

In such case the right of the beneficiary named in the policy is treated as being as firmly fixed as if the contract had been entered into with the beneficiary himself. Without going into a discussion of the principles underlying this proposition, we feel constrained to adopt the line of authorities approved by our Supreme Court in the Splawn case, above mentioned.

The court below did not err in holding that the sister named as the beneficiary in the policy had a fixed interest in the contract of insurance, which could not be divested by the assured by subsequent direction to the company to change the beneficiary originally designated by him; and therefore it was not error to exclude the evidence tendered.

Finding no error committed upon the trial of the cause, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.