NORMAN L. MILLARD, administrator, *vs.* FRANCES
H. BRAYTON, executrix.

Berkshire.     September 11, 1900. — February 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

An application was made in this State by a married woman to an agent of a New
York company for insurance upon the life of her husband for her own benefit.
In response, a policy was sent from New York, by which the premiums and in-
surance money were payable in New York, and containing a clause, not applied
for, providing that in case of the death of the beneficiary before her husband
the insurance should be payable to her children. This policy was delivered in
Massachusetts on payment of the first premium. *Held,* that the contract of in-
surance was not complete until the policy was delivered and accepted, and that
the rights of the parties under it must be determined by the law of Massachusetts.

A husband in the name of his wife applied for and procured a policy of insurance
upon his own life for the benefit of his wife "for her sole use, if living, and, if
not living, to her children." The husband signed the application in his wife's
name as applicant and in his own name as the person whose life was proposed
for insurance. The policy referred to the application, and provided for payments
of premiums by the wife. The wife died before her husband, leaving children.
The children died before the husband. All the premiums on the policy were
paid by the husband both before and after the death of his wife. *Held,* that the
contract of insurance was between the wife and the company, insuring her inter-
est in the life of her husband, for her benefit, if she survived him, otherwise for
the benefit of her children, and was not an insurance by the husband of his own
life for the benefit of his wife and children. And accordingly the administrator
of the estate of a deceased daughter could recover from the executor of the
husband of the insured such daughter's share of the insurance money.

Whether, if one insures his life for the benefit of his wife and children, and they die
before him, there is a resulting trust for the benefit of his estate, *quære.*

CONTRACT brought by the administrator of Isabelle S. Mil-
lard, daughter of Shubael W. Brayton, to recover from the
executrix of said Shubael a portion of a sum of money paid to
her by the Mutual Life Insurance Company of New York. Writ
dated April 24, 1899.

The case was tried in the Superior Court, before *Sherman,* J.,
without a jury. The plaintiff's right to recover depended on
whether the estate of his intestate was entitled to share in the
benefit of a policy issued by the Mutual Life Insurance Company
of New York upon the life of Shubael W. Brayton. The policy
was dated July 16, 1868, and began as follows:

" The Mutual Life Insurance Company of New York.

" In consideration of the representations made to them in the application for this policy, and of the sum of Three hundred & ninety-five dollars and eighty cents, to them duly paid by Sarah M. Brayton, wife of Shubael W. Brayton, and of the annual payment of a like amount on or before the Sixteenth day of July in every year during the continuance of this Policy : Do Assure the Life of the said Shubael W. Brayton of North Adams in the County of Berkshire, State of Massachusetts for the sole use of his said wife in the amount of Ten Thousand Dollars for the term of his natural life.

" And the said Company do hereby promise and agree to pay the amount of the said insurance at their Office in the City of New York to the said assured for her sole use, if living, in conformity with the statute, and if not living, to her children, or their guardian, for their use, in sixty days after due notice and proof of the death of the said party whose life is hereby insured, the balance of the year's premium, if any, being first deducted therefrom."

The application referred to in the policy contained the following paragraph :

" It is hereby affirmed and declared by Sarah M. Brayton the applicant above named and also by the person whose life is proposed for assurance, that the answers to all of the above questions, and to the questions propounded to the ' friend ' and physician of the party on pages 2 and 3, are true and correct, and that no intentional omission, concealment, or mental reservation, has been made of any material facts or circumstances relating to the past or present health, habits, or condition, or the family history of the above named Shubael W. Brayton.   It is also declared that the above named applicant has an interest in the life of the said person whose life is proposed for insurance to the full extent of the amount of insurance above applied for."

The application was signed as follows : " Signatures of the applicants or the persons for whose benefit the assurance is applied for.   Sarah M. Brayton, by S. W. Brayton."   " Signature of the person whose life is proposed for assurance.   Shubael W. Brayton."

The application was for insurance solely for the benefit of
Sarah M. Brayton. In the policy, the provision for the children
of Sarah M. Brayton in case of her death, quoted above, was
part of the printed portion, and had not been mentioned in the
application.

The application was signed and dated at North Adams, Massa-
chusetts, and there delivered to an agent of the insurance com-
pany, who forwarded it to the office of that company in New
York. The policy was sent from New York to the agent in
Massachusetts, and by him delivered to Shubael W. Brayton
upon his payment of the first premium. Although by the terms
of the policy the premiums were payable in New York, they
all in fact were paid to the agent of the company in Massa-
chusetts.

By an indorsement on the policy signed in behalf of the in-
surance company it appeared, that on August 20, 1890, the
policy was continued as a paid up policy for $6,217, with an
agreement that no further premiums would be required unless
an extra premium should be chargeable. This arrangement was
made by agreement between Shubael W. Brayton and the in-
surance company. All the premiums upon the policy both
before and after the death of Sarah M. Brayton were paid by
her husband Shubael.

Sarah M. Brayton died March 10, 1877, leaving a son and
two daughters, who all died before their father Shubael. The
son, William, died unmarried, June 5, 1881. One daughter,
Harriott Kunhardt, died November 19, 1888, leaving a husband
but no children. The other daughter, Isabelle S. Millard, died
October 24, 1894, leaving no children. The plaintiff was her
husband, and sues as the administrator of her estate.

Shubael W. Brayton died in August, 1897, leaving the defend-
ant as his widow, executrix and sole legatee.

The defendant asked the judge to rule: 1. That the contract
of insurance was to be governed by the laws of Massachusetts.
2. That the insurance money received on the policy went to the
estate of Shubael W. Brayton as a resulting trust. 3. That the
plaintiff was not entitled to recover.

The judge refused to give any of these rulings and found for
the plaintiff for $2,072.33$\frac{1}{3}$, with interest from the date of the

writ, and, at the request of the defendant, reported the case for the consideration of this court.

If the judge should have ruled that the action could not be maintained, or if on the evidence and the law the judge was not authorized to find for the plaintiff, the finding was to be set aside and judgment entered for the defendant or as justice requires; otherwise judgment to be entered on the finding.

The case was argued at the bar in September, 1900, and afterwards was submitted on briefs to all the justices.

*C. E. Burke & H. L. Dawes, Jr.*, for the defendant.

*A. Potter*, for the plaintiff.

HAMMOND, J. In 1868 the Mutual Life Insurance Company of New York issued a policy upon the life of Shubael W. Brayton, then a resident of North Adams in this State, in the sum of $10,000, " for the sole use of his said wife," Sarah M. Brayton, the money to be paid to her if living at the death of her husband, " and if not living, to her children, or their guardian, for their use."

She died in 1877, leaving her husband and three children surviving. Of these children, William, never having married, died in 1881, a minor. Harriott died in 1888, leaving a husband but no children surviving. Isabelle in 1876 married the plaintiff, and in 1894 died, leaving him but no children surviving.

Shubael W. Brayton died in 1897, leaving the defendant, his second wife, surviving, and she is his executrix and sole legatee.

In 1890, by an agreement between Mr. Brayton and the company, the policy was " continued as and for a paid up policy " for $6,217, no further premiums to be required " except in cases where an extra premium would be chargeable " ; and after his death the insurance money was paid to the defendant, the plaintiff joining in a release to the company.

In this action the plaintiff as the administrator of the estate of the daughter of Isabelle seeks to recover one third of this money.

The first question is whether the rights of the parties to this action are to be determined by the law of New York or of this State.

At the time of the application and continuously thereafter, Mr. Brayton and his wife were residents of this State. The

application was made in this State to the duly authorized agent of the company in this State, who forwarded it to the home office in the city of New York, where it was accepted, and the policy was sent by the company to its agent in this State and by him here delivered. It does not appear that any notice was given of the acceptance until the policy was delivered in this State. In the application the beneficiary was the wife alone, while in the policy as sent by the company she was not the only beneficiary. The policy was not to be delivered until the first premium was paid. The contract was not made until the policy as changed was delivered to Mr. Brayton and the premium paid. The case is clearly distinguishable from *Commonwealth Ins. Co.* v. *Knabe Manuf. Co.* 171 Mass. 265, upon which the plaintiff relies. The contract was made in this State, and the rights of the parties, so far as involved in this suit, must be settled by the law of this State notwithstanding the stipulation in the policy that the premiums and the sum insured were to be paid in the State of New York. *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93, 109. *Markey* v. *Mutual Benefit Ins. Co.* 126 Mass. 158. *Equitable Assurance Society* v. *Clements,* 140 U. S. 226. See also *Mutual Ins. Co.* v. *Phinney,* 178 U. S. 327; *Hamlyn* v. *Talisker Distillery,* [1894] A. C. 202; *Jacobs* v. *Crédit Lyonnais,* 12 Q. B. D. 589; *Mutual Ins. Co. of New York* v. *Cohen,* 179 U. S. 262.

The next question is whether, the beneficiaries named in the policy having died before the termination of the life insured, the proceeds of the policy go to the estate of Mr. Brayton as a resulting trust.

In the determination of this question it is necessary to ascertain whether the contract with the company was that of the wife or the husband. As the application is made a part of the contract its statements are to be regarded as material on that question. It is apparent from the most cursory examination of the application that many of the questions therein are propounded directly to the person whose life is to be insured and are expected to be answered by him, and not by the applicant, while others are propounded directly to the applicant and are expected to be answered by her and not by the person whose life is to be insured. But whether the questions are propounded to the one or the other, both affirm and declare that all the answers are true and correct.

This application upon its face plainly distinguishes between the applicant and the person whose life is to be insured, or between the wife and the husband. The answer to the eighteenth question is that Sarah M. Brayton, the wife, is the person for whose benefit the assurance is to be effected. Then follows the statement that "it is hereby affirmed and declared by Sarah M. Brayton the applicant above named and also by the person whose life is proposed for assurance" that the answers are correct. Further on it is declared "that the above named applicant has an interest in the life of the said person whose life is proposed for insurance to the full extent of the amount of insurance above applied for."

It is also expressly stipulated and agreed that the application and declaration shall form the basis of the contract "between the above-named persons" and the insurer, "and the said person whose life is proposed for insurance" makes further declarations not here material.

The application has two signatures; the first is "Sarah M. Brayton, by S. W. Brayton," who signs as "the applicant or the person for whose benefit the assurance is applied for"; and the second is Shubael W. Brayton, who signs as "the person whose life is proposed for assurance."

Throughout the whole document including the signatures, the wife is described as the applicant, and the husband appears simply as the person whose life is to be assured.

Turning to the policy we find the same distinction sharply drawn. The insurer, "in consideration of the representations made . . . in the application" and of a certain sum "paid by Sarah M. Brayton, wife of Shubael W. Brayton," and of other payments to be made, assures "the Life of the said Shubael W. Brayton . . . for the sole use of his said wife in the amount of Ten Thousand Dollars for the term of his natural life." And the insurer agrees to pay the said amount "to the said assured for her sole use, if living, . . . and if not living, to her children, or their guardian, for their use," in sixty days after due notice and proof of loss. It is further provided that this policy "is issued and accepted by the assured" upon certain conditions concerning the acts or conduct of "the said person whose life is hereby insured."

It is true that the promise to pay is not made in express terms to the wife, but it is made in consideration of money recited to have been paid by her, is a promise to pay the wife, and the policy recites that it is accepted by the assured, that is the wife, upon certain conditions therein expressed.

The only proper conclusion is that the promise is made to the one who applies for it, who is acknowledged by the promisor to be the person who pays for it, and who receives and accepts it upon the conditions upon which it is made, and especially is this so as against the claim made by the estate of the husband who did not apply for it, who is not the person recognized by the promisor as paying for it or as the person who is expected to accept it. It appears therefore from the application and policy constituting together the contract, that the wife, having an insurable interest in the life of her husband to the amount of $10,000, wished to insure that interest, and applied to the company for such insurance; that upon such application the policy was issued; that the basis of the contract or the thing insured was the interest of the wife in the life of her husband as stated in the application, and not the interest of the husband in his own life; that the consideration for the contract was recognized by all parties as coming from the wife; that the promise by the insurance company, although not made in express terms to the wife, was by fair and reasonable implication and in law a promise to the wife; that it was a promise to pay the wife, was made upon certain express conditions which were to be accepted by the assured, namely, the wife, and by no one else. It follows as a necessary consequence that the contract was in law between the company and the wife. It was a contract by which she was insured upon her interest in the life of her husband, and not a contract by which he was insured upon his interest in his own life.

In *Whitehead* v. *New York Ins. Co.* 102 N. Y. 143, 150, where each of three policies on the life of the husband recited that the consideration was paid by the wife and the money was to be paid to her, the court said: These contracts " purport on their face to be contracts with the wife as the party assured, and not at all with the husband, who stands in the policies as simply the life insured, his conduct and death furnishing the contingen-

cies upon which the liabilities of the insurer are made to depend. As the relation was tersely described on the argument, the contract is about the husband but not with him."

In *Central Bank of Washington* v. *Hume*, 128 U. S. 195, a similar decision was made upon a similar contract. See also *Brown's appeal*, 125 Penn. St. 303; *Continental Ins. Co.* v. *Palmer*, 42 Conn. 60; *Connecticut Ins. Co.* v. *Burroughs*, 34 Conn. 305; *Phœnix Ins. Co.* v. *Dunham*, 46 Conn. 79; *Cyrenius* v. *Mutual Ins. Co. of New York*, 145 N. Y. 576.

It is said, however, that the husband caused the application to be made and that he paid all the premiums. That is true, but in making the application he represented himself not as acting for himself but only as agent for his wife, and therefore upon the facts of the case and as between the parties to this suit he must be assumed to have acted as such agent; and in so far as he paid any premium before or after her decease he must be held to have paid it as the agent of those to whom the policy was payable. The payment of the premiums, whether before or after the death of the wife, did not affect the nature or construction of the contract, and did not make him a party to it nor the policy his property. *Swan* v. *Snow*, 11 Allen, 224. *Baker* v. *Union Ins. Co.* 43 N. Y. 283. *Whitehead* v. *New York Ins. Co.* 102 N. Y. 143, 151.

The change to a paid up policy is immaterial. As between the parties to this suit the latter policy must stand in the place of the original. If the change was unauthorized, the plaintiff, so far as respects his interest, has ratified it by bringing this suit.

In *Fuller* v. *Linzee*, 135 Mass. 468, upon which the defendant relies as an authority in support of the proposition that a policy like this is a contract between the insurance company and the person whose life is insured, the question decided was that inasmuch as by the terms of the contract the wife had no interest transmissible unless she survived her husband, her next of kin could not maintain their claim to the fund without proving that she survived him. In that case it appeared that the policy was procured by the husband, and the application was not before the court. Here the application is before the court and the wife and not the husband is shown to be the applicant.

In so far as the case of *Fuller* v. *Linzee, ubi supra*, may

seem to be an authority for the proposition that a contract like the one at bar, even where premiums are paid by the husband, is to be regarded under our statutes as a contract with the husband, it is inconsistent with a previous decision of this court in *Swan* v. *Snow*, 11 Allen, 224, and the decision is to be supported if at all by the peculiar circumstances of the case.

In *Bancroft* v. *Russell*, 157 Mass. 47, it is stated in the bill and admitted in the answer that the husband "procured the policies," and in the agreed facts that " he caused to be issued " the policy, and there is nothing to show which of the two, the husband or the wife, was the one with whom the contract was made. In *Haskins* v. *Kendall*, 158 Mass. 224, it directly appears that the policy was taken out by the husband, and that the contract was with him.

If it be suggested that at the time this contract was made the wife had no authority to enter into such a contract, the answer is that Pub. Sts. c. 119, § 167, (Gen. Sts. c. 58, § 62,) distinctly recognizes that a contract of insurance of the life of the husband may be " procured " by the wife, and provides that such a contract shall enure to her separate use and benefit and that of her children. See *Swan* v. *Snow, ubi supra ; Burroughs* v. *State Assurance Co.* 97 Mass. 359.

It is suggested by the defendant that there is no evidence that the husband was authorized to apply in behalf of the wife, or that she ever knew that he had so applied, but the answer is that this litigation is not between the parties to the contract. The insurance company has recognized the validity of the contract and has paid the money over in compliance with its terms and it is held by the defendant upon the trust imposed by the contract.

We have here therefore a contract between the insurance company and Sarah M. Brayton, by the terms of which the company agrees to pay certain money on the decease of Shubael W. Brayton to her if she be then living, otherwise to her children. She had a vested interest in this sum, liable to be defeated by her death before her husband, but it could not be assigned without her consent nor could even her assignee take any greater estate than she had. *Knickerbocker Ins. Co.* v. *Weitz,* 99 Mass. 157. May, Insurance, (3d ed.) §§ 391, 392, and cases therein cited.

Upon her death during the life of her husband the interest became vested in the children, just as a promissory note would be which was made payable to them after the death of their mother. *Connecticut Ins. Co.* v. *Burroughs*, 34 Conn. 305, 315. *Continental Ins. Co.* v. *Palmer*, 42 Conn. 60.

This is not a case where a man insures his interest in his own life for the benefit of his wife and children or some other relative, and no beneficiary survives him, but is a case where the wife insures her interest in the life of her husband for her own benefit if she survive him, otherwise for the benefit of her children, and then during the life of her husband dies leaving children surviving her.

In the one case the insured survives the beneficiaries, and in the other the beneficiaries survive the insured ; and whatever may be the doctrine respecting a resulting trust in the insured in the former case based on the fact of his survival of the beneficiaries, it is not applicable in the latter case, where the beneficiaries survive the insured. The foundation of the doctrine of a resulting trust, namely, the death of the beneficiaries before the insured, is wanting. And even if it be said that a contract of this kind with a life insurance company is somewhat in the nature of a testamentary disposition, and that the right of the beneficiaries is contingent upon their survival of the person making the contract, the doctrine is not applicable to this case because the person making the testamentary provision is the wife and not the husband, and the beneficiaries survived her.

After the death of the wife the contract became a promise to pay to the children a certain sum of money on the happening of an event which was sure to occur. There was no uncertainty about it. It was in terms an absolute promise, founded upon sufficient consideration. The general rule is that a promise to pay money at a time in the future sure to arrive enures to the benefit of the legal representatives of the person to whom the money is to be paid, if he be not alive at the time the payment is due, and we see no reason why this rule is not applicable in this case. See *Connecticut Ins. Co.* v. *Fish*, 59 N. H. 126.

In the opinion of a majority of the court the plaintiff as the administrator of the estate of one of the children is entitled to recover.

For decisions in other States bearing upon the questions involved, in addition to the cases above cited, see *United States Trust Co.* v. *Mutual Benefit Ins. Co.* 115 N. Y. 152; *Walsh* v. *Mutual Ins. Co.* 133 N. Y. 408; and the authorities collected in May, Insurance, (3d ed.) 399, N.; *Voss* v. *Connecticut Ins. Co.* 119 Mich. 161; *Harley* v. *Heist*, 86 Ind. 196. See also for a collection of some of the authorities, *Brown's appeal*, 125 Penn. St. 303.

*Judgment on the finding.*