FREDERIC F. HASKELL, trustee, *vs.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

Suffolk.   March 5, 1902. — May 20, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Pleading.   Insurance, Life.   Bankruptcy.*

In an action by a trustee in bankruptcy to recover the cash surrender value of an insurance policy on the life of the bankrupt, the declaration must contain averments showing that the policy has a cash surrender value, and if issued in another State the laws of that State giving such a policy a cash surrender value must be stated as facts. An averment that "said policy was an asset, it having at the time a cash surrender value of $692.50," is bad on demurrer, being either a conclusion of law or a deduction of fact from primary facts not stated and necessary to set forth a cause of action.

If a bankrupt at the time of his bankruptcy holds a life insurance policy providing that, if he dies within twenty years, the company shall pay the amount of the policy to his mother if living or if she is dead to his estate, and at the end of twenty years, if he survives, the company shall pay it to him, he has a valuable interest in the policy which passes to his trustee; but the trustee cannot sur-

render the policy without the consent of the mother, and in suing for the cash surrender value of the policy must allege that such consent of the beneficiary has been given.

CONTRACT by the trustee in bankruptcy of Arthur S. Boardman for $692.50, alleged to be the cash surrender value of a policy of life insurance held by Boardman when adjudicated a bankrupt. Writ dated July 15, 1901.

The defendant demurred to the declaration on the grounds stated by the court. The Superior Court sustained the demurrer; and the plaintiff appealed.

*F. F. Haskell, pro se,* submitted a brief.

*G. R. Nutter,* for the defendant.

KNOWLTON, J. The defendant's demurrer to the declaration rests on two grounds, first, that it does not appear from the declaration that the policy has a cash surrender value; and secondly, that there is no averment that the beneficiary in the policy has ceased to have an interest in it, or has agreed to surrender it.

The contract does not, in terms, give the policy a surrender value, and if it has such a value it is by reason of some statute in reference to which it was made. The contract is to be performed in New York, but the declaration does not state nor from any of the writings does it plainly appear where it was made. If it was made in Massachusetts and is to be governed by the laws of this Commonwealth, it has no cash surrender value, because our statutes do not provide for a cash surrender value when the policy is issued by a foreign corporation. The statutes touching this subject relate only to domestic corporations. Sts. 1887, c. 214, § 76; 1894, c. 522, § 76; 1900, c. 363, § 3. R. L. c. 118, §§ 76–82.

If the policy was made in New York and is governed by the laws of that State, there is no averment that there are any laws which give such a policy a cash surrender value. If there are such laws, they should be stated as facts. In the declaration there is an averment that the "said policy was an asset, it having at the time a cash surrender value of $692.50." But this is in the nature of a conclusion of law which the facts set out in the declaration do not warrant, and if in any sense it can be called a statement of fact, it is a statement of a deduction of

fact from primary facts which are not stated, and which on demurrer are necessary to be stated as a foundation for an action. *Everett* v. *Drew*, 129 Mass. 150. *Hollis* v. *Richardson*, 13 Gray, 392.

A policy of life insurance for the benefit of a third person named in it cannot be surrendered without the consent of the beneficiary. *Gould* v. *Emerson*, 99 Mass. 154. *Pingrey* v. *National Ins. Co.* 144 Mass. 374. *Central Bank of Washington* v. *Hume*, 128 U. S. 195. R. L. c. 118, § 76.

By the terms of the policy, if the assured died within twenty years from its date the company was to pay the amount of the policy to his mother, if living, or if she were dead, to his estate. At the expiration of twenty years, if he survived so long, they were to pay it to him. He had a valuable interest in the policy at the time of his bankruptcy, which passed to his trustee. *In re Boardman*, 103 Fed. Rep. 783. See also *In re Steele*, 98 Fed. Rep. 78. *In re Slingluff*, 106 Fed. Rep. 154.

But the contingent right of the beneficiary in an endowment policy of this kind is also a valuable right of which he cannot be deprived without his consent. *Pingrey* v. *National Ins. Co.* 144 Mass. 374. See *In re Diack*, 100 Fed. Rep. 770. Inasmuch as the declaration does not show that the beneficiary has consented to a surrender of the policy, the defendant is not liable to the plaintiff in this action, even if the policy has a cash surrender value.

*Judgment for the defendant.*