FRANK D. WILDE *vs.* GEORGE F. WILDE & others.

Suffolk.    March 29, 1911. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Insurance,* Life.    *Conflict of Laws.    Assignment.*

*It seems,* that, where a policy of life insurance contains no provision for a settlement before the death of the insured and no such provision is made a part of the policy by any statute of the State under the laws of which the company that issued the policy was incorporated, there can be no right to surrender the policy to the company before the death of the insured and receive in exchange its value at that time, and such a policy can be given a cash surrender value only by an agreement of the insurance company to pay for the policy if properly surrendered.

Where a policy of life insurance, issued by a corporation organized under the laws of another State, was applied for and delivered in this Commonwealth, the premiums all were paid here, the insured and the beneficiary both lived here, and the insurance company did business here, the contract of insurance contained in the policy is to be construed and the rights of the parties are to be ascertained by the law of Massachusetts, although the insurance money to be paid upon the death of the insured is to be paid at the home office of the company in the foreign State.

Where by the terms of a policy of life insurance, which is taken out by a wife on the life of her husband, the amount of the insurance is to be paid to the wife or her assigns within ninety days after proof of the death of her husband, or, if the wife shall die before her husband, the amount of the insurance is to be paid to their children on like proof of death, and where by the terms of the policy no right is reserved to the insured to change the beneficiary with the consent of the company or to surrender the policy at his option for its value in cash, the husband whose life is insured has no pecuniary interest in the policy which he can assign.

In a suit in equity by the assignee of the rights of a beneficiary under a policy of life insurance, the plaintiff sought to enforce such alleged rights. It appeared that the plaintiff's assignor was a married woman, who had taken out the policy on the life of her husband, which was made payable to her upon her husband's death if she survived him, or, if she died before him, was made payable to their children, that by the terms of the policy no right was reserved to the insured to change the beneficiary with the consent of the company or to surrender the policy at his option for its value in cash, that the plaintiff's assignor, after making the assignment, had died and that her husband and her children still were living. *Held,* that by the assignment the plaintiff acquired the interest of the wife in the policy, which was contingent on her surviving her husband, and that on her death during her husband's lifetime the whole beneficial interest in the policy passed to the children of the insured, whose rights could not be affected by the assignment made by their mother; so that the bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court on November 11, 1907, and amended by a supplemental bill filed on June 18,

1909, which in turn was amended by an amendment allowed on May 11, 1910, in which the plaintiff, as the alleged assignee of two policies of life insurance, which he held as security for a certain promissory note, on which he obtained a judgment as alleged in his supplemental bill, sought to have the cash surrender value of the policies applied to the payment of the judgment, the defendant insurance company being ready to pay the values of the policies to the proper parties upon the order of the court.

In the Superior Court the case was heard by *Richardson,* J., who on a motion for a final decree, by agreement of the parties, reserved and reported the case upon the agreed facts, the testimony and the exhibits for determination by this court. The questions raised and the facts to which they relate are stated in the opinion.

*E. W. Crawford,* for the plaintiff.

*W. H. Powers,* (*W. Powers* with him,) for the individual defendants.

*F. H. Nash,* for the defendant insurance company, submitted a brief.

BRALEY, J. The plaintiff by the original bill as amended, and by the supplemental bill, asks to have the cash surrender value of certain policies of life insurance not yet matured applied in payment of the indebtedness of the defendant George F. Wilde, who is the insured. The right to relief is rested on the ground, that the assignments of the policies to the original creditor, to whose rights the plaintiff has succeeded, having been given as security for the debt of the insured, in which his wife, Catharine A. Wilde, who at that time was the "assured" joined, the plaintiff is entitled to a decree, ordering that the policies, which never were delivered to the assignee, shall be surrendered to the company and their value paid to him.

It would be a sufficient answer to this claim if the defense had been made that the policies on their face contain no provision for a settlement until the death of the insured, and the bill does not allege that by force of some statute of the State of New Jersey, the company's domicil, the policies were given a cash surrender value. *Haskell* v. *Equitable Life Assurance Society,* 181 Mass. 341.

But, this question not having been raised by the pleadings and the company being willing to pay the cash surrender values

if the rights of all parties having an interest therein are released, the validity and effect of the assignments must be considered. These assignments, which having been made and delivered between parties residing here are governed by the local law, depend upon the construction of the policies. *Mutual Life Ins. Co.* v. *Allen*, 138 Mass. 24. The plaintiff contends that this question must be decided according to the laws of New Jersey. It being undisputed, however, that the insurance was applied for, the premiums paid, and the policies delivered here where the beneficiary, who was called the "assured," and the insured resided and where the company did business, the contracts, even if at maturity the insurance money was to be paid at the home office, are to be construed, and the rights of the parties ascertained, by the laws of Massachusetts. *Daniels* v. *Hudson River Fire Ins. Co.* 12 Cush. 416, 422, 423. *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93, 108, 109. *Millard* v. *Brayton,* 177 Mass. 533, 537.

It consequently becomes unnecessary to consider the effect of the foreign statute, and the decision under it put in evidence by the plaintiff, and we come directly to the terms of the policies. The insurance was effected by the wife on the life of her husband, although the premiums were paid by him until the assignments. By a provision common to both policies the company agreed to pay the amount of the insurance to her or her "assigns, within ninety days after due notice and proof of the death of" the insured, "and in case the said assured should die before the decease of the said George F. Wilde then the amount of this insurance shall be payable to their children or to their guardian if under age, within ninety days after due notice and proof of interest and of the death of the said George F. Wilde. . . ." The right is not reserved to the insured to change the beneficiary with the consent of the company, or to surrender the policies at his option for their value in cash, and he had no pecuniary interest which he could assign. *Langdeau* v. *John Hancock Mutual Life Ins. Co.* 194 Mass. 56, 66. *Weatherbee* v. *New York Life Ins. Co.* 182 Mass. 342. *Blinn* v. *Dame,* 207 Mass. 159.

The language of the company's obligation to the beneficiary is not uncertain, and should be given its apparent and usual meaning. It agreed to pay the money to the wife if she survived her

husband, and this interest passed to the plaintiff by the assignments. *Boyden* v. *Massachusetts Mutual Life Ins. Co.* 153 Mass. 544, 546. *Sullivan* v. *Maroney,* 6 Buch. 104. But, if she was the primary beneficiary, yet upon her death after the assignments were given, the insured having survived, neither her personal representatives nor assigns acquired any title to the insurance money. *Fuller* v. *Linzee,* 135 Mass. 468. If the wife predeceased her husband, the contract is, then, to pay to their children, who are to be ascertained at this period, and to succeed as beneficiaries. *Thomson* v. *Ludington,* 104 Mass. 193. The defendants, George F. Wilde, Jr., and Stella L. Wilde, having been at their mother's death the only living offspring of the marriage, their rights to the proceeds of the policies at their father's death not having been defeated by the assignments to which they were not parties, became absolute, and the bill must be dismissed with costs. *Millard* v. *Brayton,* 177 Mass. 533. *Knickerbocker Life Ins. Co.* v. *Weitz,* 99 Mass. 157. *Pingrey* v. *National Life Ins. Co.* 144 Mass. 374, 382.

*Decree accordingly.*