MARY J. CONDON et al., Appellants, v. NEW YORK LIFE INSURANCE COMPANY et al., Appellees.

**INSURANCE:** Right to Proceeds—Assignment by Insured of Portion Due Deceased Beneficiary. An insured in an ordinary life insurance policy, payable to named beneficiaries *"or to their executors, administrators or assigns,"* even though possessing the right, under the policy, to avail *himself* of loan and cash surrender value, may not, in the absence of a policy provision so authorizing, and after the death of a beneficiary, validly assign to another the portion of the proceeds of the policy which would have passed to said deceased beneficiary, had said beneficiary survived the insured.

**REFORMATION OF INSTRUMENTS:** Insurance Policy—Mutual Mistake. The right, on the ground of mutual mistake, to reform a policy of insurance, does not necessarily follow from the fact that the policy does not *literally* follow the insured's written application for the insurance. So held where the policy added, after the names of the beneficiaries, the words, "or to their executors, administrators, or assigns."

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 16, 1918.

REHEARING DENIED MAY 17, 1918.

ON August 5, 1889, the defendant insurance company issued an ordinary life policy for $3,000 on the life of John J. Condon, making the same payable to Mary J. Condon, his wife, and Nellie, Louis, and Geraldine M. Condon, his children, or to their executors, administrators, or assigns, share and share alike. The insured died on June 24, 1908, and Nellie Condon, whose name, at the time of her death, was Nellie Condon Gilbert, died in 1907, survived by a daughter. On the 8th day of May, 1908, the insured executed a written assignment to Mary J. Condon, as follows:

"Original to Attach to Policy—Executed in Duplicate.

"Assignment of Part of Policy No. 326452.

"Amount of Policy $3,000.00.  Date of Policy, August 5th, 1889.

"On the life of John J. Condon, of Cherokee, Iowa, in the New York Life Insurance Company, of New York, U. S. A.

"For value received, I, John J. Condon, farmer, of Cherokee County, Iowa, do hereby assign, transfer and set over all that part of the above-described policy of insurance payable to my daughter Nellie Condon (she having died), and all sum or sums of money, interest, benefit, and advantage whatsoever, now due or hereafter to become due, by virtue thereof, unto my wife, Mary J. Condon, if living at the maturity of this policy by the death of the insured, subject to all the terms and conditions expressed therein, otherwise this assignment to be void. In case this policy matures as an endowment, this assignment to be of no effect.

"Witness my hand and seal, at Cherokee, Cherokee County, Iowa, on this 8th day of May, A. D. 1908."

On March 5, 1909, defendant paid three fourths of the amount due on said policy, but declined to pay the balance, amounting to $1,418.32, to Mary J. Condon, assignee, for the reason that it claimed that said assignment

was ineffectual to pass the interest of Nellie Condon Gilbert, as beneficiary, to Mary J. Condon, but that, as her interest as beneficiary under said policy vested immediately upon its execution, the share that would otherwise be payable to her belonged to her executors, administrators, or assigns, and not to Mary J. Condon.

Plaintiff brings this action as assignee, and is joined therein by Louis and Geraldine M. Condon, the two remaining beneficiaries named in said policy. This action was first brought at law, and subsequently a substituted petition was filed, alleging that the insured, in the application for said insurance, designated the above named persons as beneficiaries, but that the defendant, by mistake or oversight, made said insurance payable to said beneficiaries, or their executors, administrators, or assigns, and that the insertion of the words, "or executors, administrators, or assigns," was contrary to the request of the insured in said application, and wholly without authority; and plaintiff prayed that said policy be reformed so as to express the true intention of the parties.

An administrator was appointed for the estate of Nellie Condon Gilbert, and he was made party defendant, and appeared herein and filed answer and cross-petition, alleging that Nellie Condon Gilbert, designated as beneficiary in said policy, died possessed of a vested interest therein, and that the balance due on said policy, which would have gone to her had she survived, belonged to cross-petitioner as the administrator of her estate, and he asks judgment therefor.

The defendant, for answer, admits the execution of the policy, the receipt of a copy of the alleged assignment from the insured to his wife of the interest of Nellie Condon Gilbert; that there is a balance due and owing on said policy, of $1,418.32, but avers that same is payable only to the administrator of the estate of Nellie Condon

Gilbert, and tenders payment of said sum to the person found entitled thereto.

The court dismissed plaintiff's petition, and entered judgment against defendant in favor of cross-petitioner for the amount claimed therein, and taxed the costs to appellant.—*Affirmed.*

*Wm. Mulvaney,* for appellants.

*Milchrist & Scott* and *A. R. Molyneux,* for appellees.

STEVENS, J.—1.    The policy in suit is an ordinary life policy, containing provisions for settlement, cash-surrender value, paid-up policy, and other provisions giving options to the insured, and is therein designated as a non-forfeiting, free tontine policy.

1. INSURANCE: right to proceeds: assignment by insured of portion due deceased beneficiary.

The decision of this case turns upon the question whether the interest of Nellie Condon, as beneficiary, vested upon the execution and delivery of said policy. It is earnestly contended by counsel for appellant that, as the insured might, if he had survived the twenty-year tontine period, have availed himself of any one of several settlements, or have surrendered the policy and made full settlement with the company, no interest vested in any of the beneficiaries while such right existed and belonged to the insured; and they rely upon *Carpenter v. Knapp,* 101 Iowa 712, to sustain this contention.

It is held by the great weight of authority that the interest of a designated beneficiary in an ordinary life policy vests upon the execution and delivery thereof, and, unless the same contains a provision authorizing a change of beneficiary without the beneficiary's consent, the insured cannot make such change. *Wilmaser v. Continental Life Ins. Co.,* 66 Iowa 417; *Townsend v. Fidelity & Casualty Co.,* 163 Iowa 713; *Phillips v. Carpenter,* 79 Iowa 600; *In re Estate of*

*Conrad,* 89 Iowa 396; *Central Nat. Bank of Washington v. Hume,* 128 U. S. 195 (32 L. Ed. 370) ; *Indiana Nat. Life Ins. Co. v. McGinnis,* 180 Ind. 9 (101 N. E. 289) ; *Franklin Life Ins. Co. v. Galligan,* 71 Ark. 295 (100 Am. St. 73) ; *Perry v. Tweedy,* 128 Ga. 402 (119 Am. St. 393) ; *Hooker v. Sugg,* 102 N. C. 115 (8 S. E. 919) ; *Foster v. Gile,* 50 Wis. 603 (7 N. W. 555) ; *Millard v. Brayton,* 177 Mass. 533 (59 N. E. 436) ; *Preston v. Connecticut Mut. Life Ins. Co.,* 95 Md. 101 (51 Atl. 838) ; *Phoenix Mut. Life Ins. Co. v. Dunham,* 46 Conn. 79 (33 Am. Rep. 14) ; *Garner v. Germania Life Ins. Co.,* 110 N. Y. 266 (18 N. E. 130) ; *Laughlin v. Norcross,* 97 Me. 33 (53 Atl. 834) ; *United States Casualty Co. v. Kacer,* 169 Mo. 301 (69 S. W. 370) ; *Ferdon v. Canfield,* 104 N. Y. 143 (10 N. E. 146) ; *Irwin v. Travelers Ins. Co.,* 16 Tex. Civ. App. 683 (39 S. W. 1097) ; *Mutual Benefit Life Ins. Co. v. Willoughby,* 99 Miss. 98 (54 So. 834) ; *Mutual Benefit Life Ins. Co. v. Sweet,* 222 Fed. 200.

And this applies to a policy to which there are attached the incidents of a loan value, cash-surrender value, and automatic extension by premiums paid. *Mutual Benefit Life Ins. Co. v. Willoughby,* supra; *Succession of Desforges,* 135 La. 49 (64 So. 978) ; *Preston v. Connecticut Mut. Life Ins. Co.,* supra; *Lockwood v. Michigan Mut. Life Ins. Co.,* 108 Mich. 334 (66 N. W. 229) ; *Pingrey v. National Life Ins. Co.,* 144 Mass. 374 (11 N. E. 562) ; Bacon on Life & Accident Insurance, Section 377, and cases cited.

In case the beneficiary dies before the insured, without having consented to a change of beneficiary, the insured cannot, without a reservation in the policy giving him such right, change the beneficiary; and the insurance passes to the estate of the deceased beneficiary. *Franklin Life Ins. Co. v. Galligan,* supra; *Perry v. Tweedy,* supra; *Harley v. Heist,* 86 Ind. 196; *Hooker v. Sugg,* supra; *Drake v. Stone,* 58 Ala. 133; *Phoenix Mut. Life Ins. Co. v. Dunham,* supra; *Preston v. Connecticut Mut. Life Ins. Co.,* supra; *Millard v.*

*Brayton,* supra; *Pingrey v. National Life Ins. Co.,* supra; *In re Estate of Conrad,* supra.

As we understand the contention of counsel for appellant, it is that, while the interest of a designated beneficiary in an ordinary life policy may vest immediately upon its execution and delivery, endowment, accumulation, and tontine policies form an exception to this rule, and that the interest of a beneficiary in the latter class does not vest until the death of the insured within the tontine, or accumulation, period.   Among the authorities cited by counsel to sustain this contention is *Carpenter v. Knapp,* supra.   The instrument before the court in that case was a certificate of membership in a benefit society, and the court held, in accordance with the weight of authority, that no interest vested in the beneficiary until the death of the insured, but the court, referring to the interest of the beneficiary in an ordinary life policy, said:

"It is the general rule that a beneficiary under an ordinary life policy takes a vested interest therein at the moment the policy is executed and delivered, which cannot be impaired or defeated by any act of the assured, or of the assured and the company, to which said beneficiary does not assent."

None of the authorities cited by counsel hold that the incidents of loan and cash surrender. values and other features, such as are contained in the policy in suit, attached to an ordinary life policy for the benefit of the insured, affect its character as an ordinary life policy, or change the rule as to the right of the beneficiary, if the assured dies before these rights have matured.   The right of the insured to take advantage of any of the several provisions of the policy for his benefit depended upon his surviving the tontine period.   In the event that he died within the tontine period, all provisions contained in said policy for settlement, etc., immediately terminated, and the policy matured and be-

came at once payable to the beneficiaries. He had no interest in said policy that would pass by an assignment in the event his death occurred within the tontine period.

It is our conclusion that the interest of Nellie Condon Gilbert vested immediately upon the execution and delivery of the policy, and that same, under its terms, passed to her personal representatives. *Smith v. Metropolitan L. Ins. Co.,* 222 Pa. 226 (20 L. R. A. [N. S.] 928), cited by counsel, holds that, upon the death of the beneficiary before the expiration of the tontine period, the interest of such beneficiary terminates, and leaves the insured free to make such other disposition of the policy as he may desire; but the holding in this case is contrary to the great weight of authority, as shown by the cases cited supra.

II.   Counsel also earnestly maintains that there was a mutual mistake in the language of the policy, and that, as the application designated Mary J. Condon, Louis, Nellie, and Geraldine Condon as beneficiaries, defendant exceeds its authority in adding after said names the words "or their executors, administrators or assigns;" that said contract should be so reformed as to eliminate said words therefrom.   The only evidence offered by plaintiff to the alleged mistake was the application of deceased, which, in answer to the question "To whom the insurance applied for to be payable in event of death," gave the names as above, without adding the words, "or executors, administrators, or assigns." The evidence offered on behalf of defendant tended to show that the policy in suit was one of a large class of similar policies issued by the defendant company at the time, and was in the form used by it at the time.   The application was in the form of a blank used by the agents of defendant generally, and the answer naming the several parties as beneficiaries did not undertake to prescribe or designate the form of policy to be

2. REFORMATION OF INSTRUMENTS: insurance policy: mutual mistake.

issued, nor the method of settlement in the event one or more of said beneficiaries should die before the death of the insured within the tontine period; and, doubtless, the applicant fully expected and intended that a policy of the kind designated would be issued by defendant in the usual form thereof. The policy was delivered to the insured and retained by him for many years without objection or protest, and, in the absence of evidence to the contrary, it may well be assumed that its form and provisions were satisfactory to him.

It will be observed that the insured did not attempt, after the death of Nellie Condon Gilbert, to change the beneficiary, and the instrument offered in evidence was, in form, an assignment only. As the interest of Nellie Condon Gilbert vested immediately upon the execution of the policy, it passed, upon her death, to her personal representatives, and the alleged assignment was ineffectual to pass any interest in said policy to the plaintiff. It is our conclusion that the evidence in this case is not sufficient to require or justify the reformation of said policy in the respect prayed; and that plaintiff, as assignee, took no interest therein; and that the court rightly rendered judgment in favor of the administrator of the estate of Nellie Condon Gilbert for the amount claimed, and against plaintiff for costs. The decree of the lower court is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.